STATE OF TENNESSEE, ex rel.,      )
DOUGLAS M. SIZEMORE,              )
Commissioner of Commerce and     )
Insurance for the State of Tennessee, )
                                 )
        Plaintiff/Appellee,      )
                                 )        Appeal No.
                                 )        01-A-01-9610-CH-00449
                                 )
VS.                              )
                                 )        Davidson Chancery
                                 )        No. 92-1120-II(III)
                                 )
UNITED PHYSICIAN INSURANCE       )
RISK RETENTION GROUP,            )
                                 )
        Defendant/Appellee,      )
                                 )
IN RE:  NARESH B. DAVE, M.D.     )
                                 )
        Claimant/Appellant.      )

**FILED**

**April 16, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR


RENARD A. HIRSCH
ROBIN L. HARRIS
SMITH & HIRSCH
619 Woodland Street
Nashville, Tennessee 37206
        Attorneys for Jeanne Barnes Bryant, Receiver for
        United Physicians Insurance Risk Retention Group

KENNETH M. BRYANT
WILLIAM E. LONG, JR.
TRABUE, STURDIVANT & DeWITT
2500 Nashville City Center
Nashville, Tennessee 37219
        Attorneys for Naresh B. Dave, M.D.


REVERSED AND REMANDED


                                        BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
LEWIS, J.


# O P I N I O N

The Receiver of an insurance company in liquidation denied the claim of a policyholder, because the Proof of Claim form required under the Insurance Rehabilitation and Liquidation Act, Tenn. Code Ann. § 56-9-101 et seq., was filed after the deadline. Following a hearing on the denial of the claim, the Special Master for the Chancery Court of Davidson County found that the failure to timely file was due to excusable neglect, and recommended that the late filing be excused and the claim be accepted as timely filed.

The Chancellor declared that he was unable to follow the Master's recommendation, holding that the court had no more authority under the Act to excuse the late filing than did the Receiver. We believe that the Chancellor was mistaken, and we accordingly remand this case to the Chancery Court to determine if the facts support the appellant's assertion of excusable neglect.

I.

In 1991, Dr. Naresh P. Dave (pronounced Dah′ vay), an orthopedic surgeon practicing in Tampa Florida, purchased a policy of professional malpractice insurance from the United Physicians Insurance Risk Retention Group (UPI), a Tennessee company. The policy included retroactive coverage for acts performed on or after October 1, 1987.

UPI subsequently went into receivership. On July 16, 1992, the Chancery Court of Davidson County ordered that the company be liquidated, and appointed Jeanne Barnes Bryant as Special Deputy Receiver for that purpose. The Chancellor's order specified July 23, 1993 as the deadline for filing of claims against the liquidation estate.

Dr. Dave had performed knee surgery on Constance T. Hale on March 8, 1990. Ms. Hale subsequently sent Dr. Dave a notice of her intent to initiate malpractice litigation against him, in accordance with the requirements of the Florida malpractice statute. On August 19, 1992, Dr. Dave wrote a letter to UPI, which timely notified the company of Ms. Hale's claim. However Dr. Dave does not claim that this notice was an effective substitute for the Proof of Claim form, whose filing was necessary to preserve the claimant's right to receive a share in the liquidation estate. See Tenn. Code Ann. § 56-9-323.

UPI appointed a Florida attorney named Kenneth Deacon to represent Dr. Dave in the malpractice action. Like the other policyholders, Dr. Dave received instructions from the Receiver regarding the necessity of filing the Proof of Claim form in a timely manner. He also received a reminder from Mr. Deacon of the importance of filing on time, together with another blank copy of the Proof of Claim form.

Because of an apparent miscommunication between Ms. Nancy Castellano, who was Dr. Dave's office manager, and Bonnie Montgomery, a paralegal employed by Mr. Deacon's firm, the Proof of Claim form was not filed on time. Copies of faxes and other documents in the record indicate that Ms. Castellano erroneously believed that Mr. Deacon had agreed to submit the form on Dr. Dave's behalf.

On September 24, 1993, the Receiver sent Dr. Dave a letter notifying him that because his Proof of Claim form was not timely filed, coverage to defend the Hale claim would be terminated immediately. Dr. Dave subsequently retained his own counsel, who submitted an executed Proof of Claim form to Ms. Barnes on October 27, 1993, together with an explanation of the circumstances surrounding the missed deadline. The Receiver declined to reinstate coverage, and Dr. Dave timely objected, thus preserving his right to a hearing in chancery court on the question. See Tenn. Code Ann. § 56-9-327.

The Chancellor had appointed a Special Master to hear appeals by those who objected to denials of coverage. The Special Master submitted a report on Dr. Dave's case, which summarized the facts leading up to the missed deadline, concluded that the delay was due to excusable neglect, and recommended that the Court apply its power under Tenn. R. Civ. P. 6.02(2) to retroactively extend the filing deadline for Dr. Dave's benefit, in order to render his notice timely.

The Chancellor did not agree with the Master that the Court had the authority to extend the filing deadline, and he accordingly sustained Ms. Barnes' objection to the Master's report, without commenting on the allegations of excusable neglect. This appeal followed.

## II.

In his memorandum, the Chancellor noted that under the circumstances of this case, the Liquidation Statute does not permit the Receiver to treat a late-filed claim as if it were timely filed. See Tenn. Code Ann. § 56-9-323. The memorandum goes on to say:

> "It is helpful to consider the respective roles of the court and the receiver . . . . The receiver does the real work. The court's involvement is quite limited . . . . Restricting the court's authority to allow late filed claims to the same authority given to the receiver seems to be in keeping with the respective roles for the court and the receiver established by the Act.
>
> . . .
>
> "This Court concludes that a court supervising a receivership is bound by the same statute that limits the authority of the Receiver to allow late filed claims . . . . If the Receiver concludes that a late filed claim should not be allowed, then judicial review of the Receiver's decision is limited to consideration of whether the Receiver acted illegally, arbitrarily, or in an abuse of discretion. There is no *de novo* judicial review of the Receiver's decision."

We believe the Court applied an unnecessarily restricted interpretation of its powers in deciding this case. While the liquidation statute assigns to the Chancery Court of Davidson County a specified role in all insurance liquidation proceedings, it does not purport to limit the traditional equitable powers of a court of chancery, nor to abridge the application of the Tennessee Rules of Civil Procedure.

Rule 6.02 Tenn. R. Civ. P. reads in pertinent part:

**Enlargement. --** When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) . . . (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect.

Tenn. Code Ann. § 56-9-327 establishes a procedure whereby an individual whose claim is denied by the Receiver may object and may receive a prompt hearing. The statute states in part: "The matter may be heard by the court or by a court-appointed referee who shall submit findings of fact along with such referee's recommendation." If the legislature had intended to limit the standard of review in the manner specified by the chancellor, this statute would seem to be a logical place for it to so state. But no such statement is to be found in this statute or in any other part of the Act.

Perhaps the trial court was swayed by the language contained in a recent Tennessee Supreme Court case which it cited in its memorandum, *State of Tennessee ex rel v. UPI, in re: Vasudev V. Kulkarni, M.D.,* 921 S.W.2d 176 (1996). In that case, the Court emphasized the importance of a uniform treatment of claims and of deadlines in order to avoid "a piecemeal and protracted processing of claims inconsistent with the Act's stated principles of efficiency, economy, and equity." 921 S.W.2d at 180.

However the *Kulkarni case* did not involve the power of the chancery court to review the actions of the Receiver. It rather raised the question of whether the Receiver could establish a uniform accelerated date by which any medical incident covered under any of UPI's policies had to be reported in order to qualify for benefits, regardless of the reporting periods provided for in the policies themselves. In holding that the Receiver's powers were broad enough to encompass such an action, we do not believe the Court intended thereby to nullify the equitable powers of the chancery court.

In reaching this conclusion, we are not expressing an opinion one way or another as to whether the facts found by the Special Master actually constitute excusable neglect, but only that the chancellor is entitled to make that inquiry.

### III.

The order of the trial court is reversed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE